BALDWIN *v.* WINN.

On overruling defendant's demurrer, it is error to render judgment against him, without disposing of his plea on file.

ERROR *to Wapello District Court.*

*Opinion by* WILLIAMS, C. J.   Suit by Jesse B. Winn against Nehemiah Baldwin in assumpsit on a due bill, tried at the February term of the district court for Wapello county, where the cause was called for trial.   The defendant demurred to the plaintiff's declaration specially, and assigned several causes of demurrer, to such court thereof, &c.; also, filed his plea of the general issue.   The court on hearing, overruled the demurrer, and therein entered final judgment against the defendant for the amount of the due bill and interest, with costs, without disposing of the plea of the general issue.

The plaintiff here assigns as error :

1st.   The overruling of the demurrer to the plaintiff's declaration.

2d.   The court erred in rendering final judgment in overruling the said demurrer, without regarding the plea filed.

3d.   The court erred in rendering judgment for the plaintiff below.

There is manifest error in this proceeding ; however, the plaintiff in error cannot be allowed here to complain of the ruling of the district court on the demurrer, with a view to a reversal of the judgment on that account.   When his demurrer was overruled he should have stood upon it, and taken his exception to the ruling of the court.   The record shows that the parties were in court by their attorneys, and that no exception was taken to the ruling of the court on the demurrer.   This rule of practice is salutary and is inculcated generally.   The record also shows that the defendant

Baldwin *v.* Winn

filed his plea of the general issue, and he now seeks to reverse the judgment, for the reason that the judgment of the court was rendered without regarding this plea. This he does on the ground that he claimed, or was entitled to, a trial on the merits of the case. Such being his position, he thereby waives all objection to the ruling of the court on the demurrer. *Steamboat Kentucky* v. *Brooks, et. al.,* G. Greene, 398 ; 1 Scam., 222, 310, 281, 472. But the court erred by rendering judgment for the plaintiff without regarding the defendant's plea of the general issue. Before entering final judgment this should have been disposed of. The filing of the plea is all that is required by the practice in order to give notice of it to all concerned. When a plea is regularly filed in the case, the court, as well as the parties, should recognize it. There is nothing of record to show that the plea had been abandoned by the defendant. It is, therefore, reasonable to presume that the defendant intended to rely on this plea and assert his rights under it. *Miller* v. *Hardacre,* 1 G. Greene's R., 154 ; *Merryweather* v. *Gregory,* 2 Scam., 32–3 ; *Hereford* v. *Crow,* 3 Scam., R. 426. These cases are all in point. On this last position, the judgment of the district court is reversed, and the cause remanded to be tried on the issue presented by the plea on file, upon which the action of the court was not had.

Judgment reversed.

*H. B. Hendershott,* for plaintiff in error.

*Charles Negus,* for defendant.